IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Cheryl Morris, | ) | Case No. 7:25-cv-13012-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Dollar Tree Stores, Inc.; John Doe, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court following an Order to Show Cause why the Court should not remand the action to state court. [Doc. 12.] Having reviewed the response of Defendant Dollar Tree Stores, Inc. ("Dollar Tree"), the record, and the applicable case law, the Court concludes it does not have subject-matter jurisdiction over this action and, therefore, the case is remanded to the Spartanburg County Court of Common Pleas.

Plaintiff filed this case in the Spartanburg County Court of Common Pleas on August 4, 2025. [Doc. 1-1.] The Complaint alleges that Plaintiff was injured when she tripped and fell in Dollar Tree's in Spartanburg, South Carolina, store. [*Id.* ¶¶ 4, 5, 9.] In her Complaint, Plaintiff alleges that, as a result of the incident, she suffered "serious personal injuries, including but not limited to, a broken patella." [*Id.* ¶ 11.] She asserts a negligence claim, and she seeks actual and punitive damages. [*Id.* ¶¶ 13–18; *id.* at 7.]

Dollar Tree removed the case to this Court on October 15, 2025, alleging that removal is proper because the district court has diversity jurisdiction to hear Plaintiff's claims under 28 U.S.C. § 1332. [Doc. 1 ¶ 8.] On April 3, 2026, the Court issued an Order to Show Cause why the Court should not remand this action to state court based on lack of subject-matter jurisdiction because the amount in controversy did not appear to exceed

the jurisdictional threshold.[*] [Doc. 12.] Dollar Tree filed a response to the Order to Show Cause on April 7, 2026. [Doc. 15.]

## DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Id.* Thus, remand is necessary if federal jurisdiction is doubtful. *Id.*

In this case, Defendant contends that removal was proper because the district court has diversity jurisdiction to hear Plaintiff's claim under 28 U.S.C. § 1332, which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of all interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1); [Doc. 15]. "Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided

---

[*] The Fourth Circuit Court of Appeals has explained that, in a removed case, a "district court may inquire *sua sponte* whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

that the claim is made in good faith." *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Nevertheless, "the amount in controversy requirement cannot be based on speculation as to what may occur." *Davenport v. State Farm Fire & Cas. Co.*, No. 6:24-cv-04330-JDA, 2024 WL 4453651, at *2 (D.S.C. Sept. 9, 2024) (internal quotation marks omitted). Indeed, a defendant must demonstrate that the amount in controversy is satisfied "when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin*, 574 U.S. at 89. "When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to show . . . what the stakes of litigation . . . are given the plaintiff's actual demands." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (alterations in original) (internal quotation marks omitted).

It is true that "claims for punitive damages must be included in the calculation of the amount in controversy." *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011) (internal quotation marks omitted). However, "courts in this district have established that the mere existence of a claim for punitive damages will not establish to a legal certainty or reasonable probability that the amount in controversy exceeds $75,000." *SNB Props. v. CMH Homes, Inc.*, No. 1:22-cv-02158-SAL, 2022 WL 17976781, at *3 (D.S.C. Dec. 28, 2022) (internal quotation marks omitted) (collecting cases).

Critically, in this case, Plaintiff's Complaint does not specify the amount of damages sought. [*See* Doc. 1-1.] Indeed, the Complaint does not provide the amounts

3

of any component of damages. [*See id.*]; *Legg v. Peterbilt of Atlanta, LLC*, No. 0:23-4534-MGL, 2024 WL 1679399, at *2 (D.S.C. Apr. 18, 2024) ("These allegations, which lack specific monetary figures, fail to allow for an accurate estimation of the amount of damages."). The only monetary figure Dollar Tree points to from Plaintiff is an admission by Plaintiff in her answers to Dollar Tree's First Requests for Admissions that she is seeking more than $75,000 in total combined damages exclusive of interest and costs; intends to ask a jury to award more than $75,000 exclusive of interest and costs; and that the amount in controversy exclusive of interest and costs exceeds $75,000. [*See* Doc. 15 ¶ 8 (citing Doc. 1-4).] The Court concludes Dollar Tree has not met its burden.

"While the parties agree that the amount in controversy is over $75,000, . . . it is well-established that parties cannot consent to or waive subject matter jurisdiction." *Thomas v. Seaworld Parks & Ent. LLC*, No. 4:19cv2, 2019 WL 8333529, at *2 n.4 (E.D. Va. Dec. 19, 2019); *see* 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3702 (5th ed. 2026) ("[T]he plaintiff and the defendant may not simply agree that the amount requirement has been satisfied, since parties cannot confer subject matter jurisdiction on the federal courts by stipulation or any other mechanism."); *cf. Bishop v. Halpin*, No. 2:22-cv-02871-DCN, 2022 WL 17261400, at *3 (D.S.C. Nov. 29, 2022) ("A plaintiff's refusal to stipulate to maximum damages does not establish that the claim exceeds $75,000. At best, it provides a tenuous and hypothetical inference. . . . [T]o hold removal is proper when a plaintiff refuses to stipulate to a cap on damages would be in disagreement with the long established presumption that remand is proper when removal is questionable." (internal quotation marks omitted)). Here, the Court concludes that Dollar Tree has offered nothing more than speculation in its attempt to meet its burden

4

of establishing jurisdiction, and that is insufficient.  *See Davenport*, 2024 WL 4453651, at

*2.  The Court therefore remands the case to the Spartanburg County Court of Common

Pleas.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

April 22, 2026
Greenville, South Carolina